STATE OF MAINE *vs.* RICE & MILLER COMPANY

AND

STATE OF MAINE *vs.* RICE & MILLER COMPANY.

Penobscot.      Opinion July 13, 1931.

*James D. Maxwell*, County Attorney, for the State.
*Fellows & Fellows*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.    On exceptions from Bangor Municipal Court. Re-
spondent was tried before the lower court on two complaints for
alleged violations of the provisions of Sec. 63, Chap. 38, R. S.
1930, and was adjudged guilty on each. Motion in arrest of judg-
ment was filed in each case, and overruled.

Exceptions were taken to these and other rulings.

The statute, Chap. 38, Sec. 63, R. S., reads as follows: "No
person shall expose or offer for sale, sell or purchase in this state
any jack-light or light fitted for use in hunting in the night time.
No person shall have in possession at any time when he is upon the
wild lands, water or highways, or in the woods or fields of the state,
or in any camp, lodge or place of resort for hunters or fishermen,
or in its immediate vicinity, any jack-light, or light fitted for use
in hunting in the night time, or any swivel, pivot or set gun; nor
shall any person have in possession at any time any spear, trawl or
net, except such as are authorized for the taking of suckers, eels,
horn pouts and yellow perch, as provided in section twenty-eight
of this chapter, in any camp, lodge or place of resort for hunters
or fishermen or in its immediate vicinity, or on any of the lakes,
rivers or streams of the state, or in their immediate vicinity, in the
inland territory of the state. Nothing in this section shall be con-
strued as affecting or restricting the legitimate possession and sale
of flash-lights."

In one of the complaints, numbered 3893, on docket of the court
below, the offense charged was that respondent, "did expose and
offer for sale flash lights, to wit: jack-lights, the same being fitted
for use in hunting in the night time."

These words do not charge an offense under the statute, and as
to this complaint the motion in arrest of judgment should have
been sustained and the complaint dismissed.

In the other case, numbered 3892 on the docket of the same court, the charge was that respondent "did sell to one . . . a light fitted for use in hunting in the night time."

These words import an offense. They are quoted directly from the statute. The motion in arrest of judgment was properly overruled.

The bill of exceptions recites as a fact that "all of the evidence in this case shows a legitimate possession and sale of flash lights." If this statement is taken as true, the state has obviously no case.

The exceptions were allowed by the Judge and agreed to by the attorney for the State. But where the evidence is made a part of the bill and the statements of fact in the bill are contradicted by the evidence, the latter controls.

This question has been repeatedly passed upon by our court where statements in the bill of exceptions as to what a witness said upon examination have been found to be incorrect when compared with the report of the testimony as written by the court stenographer, sent up as a part of the record.

"The first requested instruction was properly refused because the evidence did not warrant it, as appears by a report of the evidence which is made a part of the bill of exceptions, and must control its allegations as to matters of fact." *Harmon* v. *Harmon*, 63 Me., 437.

"While generally this court can act on a bill of exceptions only in the form as made up and allowed at *nisi prius*, still when the stenographer's report of the evidence is made a part of the bill of exceptions, it must control the allegations in the bill as to matters of fact, if there be a conflict between them." *Tower* v. *Haslam*, 84 Me., 86; *State* v. *Sandford*, 99 Me., 441, 447; *Charles* v. *Harriman*, 121 Me., 484.

A light in all respects similar to that sold as charged in the complaint and taken from respondent's· stock, was introduced in evidence as an exhibit on the part of the State, and made a part of the bill of exceptions. The light, with its attached equipment was submitted to this court. If the court can decide such a matter, it is admirably "fitted for use in hunting in the night time."

Its attached equipment is adapted to such use, and adjusted and made a part of the article.

So fitted it was sold by the respondent.

Whether it was sold for use in hunting we need not inquire.

That such a light, so fitted, is suitable for many other uses is immaterial. To expose or offer for sale, sell or purchase a light fitted for use in hunting in the night time is forbidden by the statute.

Exceptions were taken to certain rulings of the Judge below.

The first ruling was that "the burden was on the respondent to show that this flash light, capable of being used for hunting in the night time, was sold to be used for a lawful purpose."

Respondent was not aggrieved by this ruling. If the State had admitted that the light "was sold to be used for a lawful purpose," and had proved at the same time that it was "a light fitted for use in hunting in the night time," the result must have been the same.

The second ruling was, "that it is not necessary for the state to prove an unlawful possession or an unlawful sale. The state need only show that the light sold or exposed for sale was capable of use for hunting in the night time."

If the State proved its case, respondent is not aggrieved by the fact that the trial Judge regarded it unnecessary for it to do so; and it is not important that the Judge conceived "fitted for use in hunting" and "capable of use for hunting" to be synonymous.

The third ruling was that although "these lights were sold and exposed for sale to be used for lawful purposes, because (they are) fitted for use in hunting in the night time the respondent is found guilty," and is correct as applied to the case numbered 3892 on the docket of the lower court.

*Exceptions sustained in case numbered 3893.*

*Exceptions overruled, and judgment for the State to be entered in case numbered 3892 on docket of the Bangor Municipal Court.*